Chief Justice Robertson
delivered the Opinion of the Court.
George Rees, holding a bond on Mounts and another bond on Trabue, for the conveyance of a tract of land, sold the land to Robert Patterson and James Patterson, and covenanted to assign to them the said bonds, which had been assigned to himself and Isaac Rees. Afterwards, he, in his own name alone, assigned the bonds to Robert *520 and James Patterson ; and, some time after that assignment, he gave to Janies Fry the following obligation “ Whereas, Robert Patterson is about to execute a deed to Janies Fry, for about eighty four acres of land, on Gray’s run, being the place upon which said Fry now lives ; and whereas, George Rees sold said land to said Patterson ; and by several suits of ejectment, in the Harrison circuit court, a part of said land has been gained from said Fry, supposed to amount to about nineteen acres : now said Rees binds and obliges himself to purchase for said Fry, said land, or to secure him in the land so lost, and to indemnify him against said recove-ery.” — Dated 19th October, 1816.
“ GeoRgb Rees, (Seal.)’
Upon that obligation, Fry sued Rees, in covenant, for damages. Rees pleaded that there was no consideration for the covenant ; and the jury, sworn to try the issue on that plea, found a verdict for Rees ; on which the court rendered judgment in bar of the action.
The tract of land described in the covenant is a part of the tract which Rees had sold to the Pattersons. But, there being no other proof of a consideration, or of the want of consideration, than what may be inferred from the covenant itself, and from Rees’ bond to the Patter-sons and his assignments of the bonds for a conveyance, the court instructed the jury, “that, if the defendant was not responsible to Patterson for said lost land mentioned in the declaration ; and executed the writing declared on, under a mistaken belief that he was responsible for said lost land, when in fact he was not responsible for the same, then the said writing was executed without consideration and void.”
If Rees undertook, in his contract of sale, to do no more than to assign the bonds on Mounts and Trabue, and if he did assign those bonds in fulfilment of his obligation, he was certainly not legally responsible to his vendees for the loss of the land. But we are inclined to think that the facts did not authorize the inference that he was not liable to them ; especially as, by his cove-’ nant, he undertook to assign to them bonds which, pri-ma facie, belonged to him aud Isaac Rees jointly, and his *521 assignment did not transfer the entire or legal right to those bonds. But, if the jury were justified in finding^ that he was, not responsible to his vendees on his covenant, still the instruction cannot be sustained, for the following reasons. First. There was no proof that the supposed liability of Rees was the only consideration for his covenant to Fry. Second. It may b'e reasonably inferred, from the tenor of that covenant, that1 there was a consideration as between Fry and Rees. It may be presumed that Patterson was liable to Fry for the lost land; and he may not have been willing to accept a deed from him, unless Rees had given the covenant on which the suit is founded. These circumstances alone might reasonably be deemed evidences of a consideration from Fry ; and, therefore, the fact that Rees was not liable to Patterson, would not be decisive or even material. Third. There is no proof that Rees “executed the writing declared on, under a mistaken belief” that he was responsible to Patterson, for the lost land; and the facts tend to the conclusion that there was no such mistake as to his liability. Whether, however, there was a mistake, or whether Rees was liable to Patterson, the jury had a right to decide. But as it would not necessarily follow that there was no consideration as between Rees and Fry, even were it admitted that Rees was not liable to Patterson, and erroneously supposed that he was, the court erred in not, by its instruction, leaving the jury free to determine whether there was any consideration from Fry.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.